IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GARFIELD DAVIS,**

                **Petitioner,**

        v.                                         CASE NO. 11-3134-SAC

**DONALD ASH, et al.,**

                **Respondents.**

**O R D E R**

This matter comes before the court on a pro se pleading submitted by a prisoner while confined in the Wyandotte County Detention Center, seeking habeas corpus relief on allegations related to petitioner's pretrial confinement. Petitioner names as respondents the Wyandotte County Sheriff, and the Kansas 29th Judicial District Courthouse. Having reviewed petitioner's limited financial resources, the court grants petitioner leave to proceed in forma pauperis.

Petitioner seeks federal habeas corpus relief on pretrial allegations of a Double Jeopardy violation. Petitioner's allegations are not clear, but appear to center on his claim that he has been again arrested on charges that were previously resolved or dismissed. Petitioner attaches a copy of a state habeas petition[1] wherein he contends his confinement is illegal and unconstitutional, and seeks his release "and to prevent his being arrested again for

---

     [1]*Davis v. Ash*, Wyandotte County Case No. 2011-CV-1092, filed July 8, 2011, seeking relief under the Kansas habeas statute, K.S.A. 60-1501.

the same thing."

Petitioner correctly asserts that § 2241 is the appropriate vehicle for challenging the constitutionality of pretrial detention. *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir.2007). However, absent unusual and extraordinary circumstances a federal court is not permitted to intervene in ongoing state criminal proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger* and its progeny, federal courts should not interrupt ongoing state proceedings when adequate state relief is available. *Weitzel v. Div. of Occupational and Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir.2001)

The court finds abstention is required in the present case where there is an ongoing state criminal proceeding, the state courts provide an adequate forum to hear petitioner's allegations of error,[2] and petitioner makes no showing of extraordinary circumstances warranting the federal court's intervention. *See Walck*, 472 F.3d at 1232-33 (setting forth requirements and exceptions regarding *Younger* abstention); *Weitzel*, 240 F.3d at 876 (finding no showing of extraordinary circumstances involving irreparable injury). Petitioner's bare reference to being rearrested on the "same charges," broad claim of malice by state authorities in securing petitioner's confinement, and complaints regarding continuances granted in his pending criminal proceeding fail to present a colorable claim warranting the court's

---

[2] Petitioner broadly claims that pursuant to its policy and custom, the state district court is refusing to hear his 1501 petition. It appears, however, that petitioner's pending criminal proceeding remains an available and appropriate venue in which petitioner can assert his constitutional claims.

intervention to protect petitioner's rights under the Double Jeopardy Clause.

To seek federal habeas corpus relief, a state prisoner must first exhaust state court remedies. *Burger v. Scott*, 317 F.3d 1133, 1144 (10th Cir.2003); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir.2000). It appears clear on the face of the record that petitioner has not done so in this case, and the difficulties he cites in attempting to file one or more state habeas petitions under K.S.A. 60-1501 are insufficient to render state remedies futile.

The court thus concludes the petition should be dismissed without prejudice.

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED that the petition is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED: This 8th day of November 2011 at Topeka, Kansas.

                                              s/ Sam A. Crow
                                              SAM A. CROW
                                              U.S. Senior District Judge